IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRIAN EVANS, | ) | CIVIL NO. 13-00269 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING FIRST |
| | ) | AMENDED COMPLAINT AND DENYING |
| vs. | ) | PLAINTIFF'S APPLICATION TO |
| | ) | PROCEED WITHOUT PREPAYING |
| LEAPFROG, ET AL., | ) | FEES OR COSTS AS MOOT |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING FIRST AMENDED COMPLAINT AND DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AS MOOT**

On May 28, 2013, Plaintiff Brian Evans filed a Complaint in this action. ECF No. 1. That same day, Evans filed an application to proceed without prepayment of fees and costs (the "IFP"). ECF No. 3. On May 31, 2013, this court dismissed the Complaint and denied as moot the motion to proceed without prepayment of fees because Evans fails to allege subject matter jurisdiction sufficiently. ECF No. 5. Evans filed his First Amended Complaint on June 18, 2013. ECF No. 8. Because Evans again fails to adequately assert subject matter jurisdiction, this court dismisses Evans's First Amended Complaint and denies his second IFP as moot.

A United States district court has diversity jurisdiction over an action when the amount in controversy exceeds $75,000, excluding interest and costs, <u>and</u> the action is between <u>citizens</u> of different states." 28 U.S.C. § 1332(a)(1) (emphasis added). In a diversity action, the plaintiff "should

be able to allege affirmatively the actual citizenship of the relevant parties." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Evans asserts that he is a "resident" of Hawaii, but he fails to identify either his citizenship or Defendants' respective citizenships. See id. (noting that § 1332 "speaks of citizenship, not of residency"). This deficiency precludes the court from ascertaining whether diversity jurisdiction exists, and the court must therefore dismiss Evans's First Amended Complaint. See Morongo Band of Mission Indians v. Cal. State Bd. Of Equalization, 858 F.2d 1376 1380 (1988) ("If jurisdiction is lacking at the outset, the district court has 'no power to do anything with the case except dismiss.'") (citing 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3844, at 332 (1986)). Evans may file a Second Amended Complaint that is complete in itself (that is, does not incorporate any prior complaint by reference) no later than July 12, 2013. He must also either pay the civil filing fee or submit a new IFP. Failure to meet the above deadline shall cause this action to be automatically dismissed. Given the court's dismissal of Evans's Complaint, the court denies Evans's IFP as moot.

In addition, the court cautions Evans that any future filing must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires "a short and plain statement of

the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. To state a plausible claim, the complaint must, at a minimum, "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Rule 10(b) requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Id.

The court notes that Evans's First Amended Complaint asserts intentional infliction of emotional distress, loss of consortium, and loss of love. However, Evans has not included factual allegations going to the claims. The legal bases for his claims remain unclear. Even construing Evans's First Amended Complaint liberally, Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003), the court cannot identify any plausible ground for any of Evans's claims. See Iqbal, 556 U.S. at 678

("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).  Any Second Amended Complaint must cure these deficiencies by stating a claim upon which relief may be granted.  Failure to do so will result in the dismissal of the action.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, June 26, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Evans v. Leapfrog, et al.; Civil No. 13-00269 SOM/BMK; ORDER DISMISSING FIRST AMENDED COMPLAINT AND DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AS MOOT