IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRIAN EVANS, | ) | CIVIL NO. 13-00269 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER TO SHOW CAUSE WHY |
| | ) | SECOND AMENDED COMPLAINT |
| vs. | ) | SHOULD NOT BE DISMISSED AND |
| | ) | WHY APPLICATION TO PROCEED |
| THE LEAPFROG GROUP; LEAH | ) | WITHOUT PREPAYING FEES OR |
| BINDER; and THE ROBERT | ) | COSTS SHOULD NOT BE DENIED |
| JOHNSON FOUNDATION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER TO SHOW CAUSE WHY SECOND AMENDED COMPLAINT SHOULD NOT BE DISMISSED AND WHY APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS SHOULD NOT BE DENIED**

On May 28, 2013, Plaintiff Brian Evans filed a Complaint in this action.  ECF No. 1.  That same day, Evans filed an application to proceed without prepayment of fees and costs (the "IFP application").  ECF No. 3.  On May 31, 2013, this court dismissed the Complaint and denied as moot the motion to proceed without prepayment of fees because Evans failed to allege subject matter jurisdiction sufficiently.  ECF No. 5.

Evans filed his First Amended Complaint on June 18, 2013.  ECF No. 8.

This court dismissed that pleading, stating in its Order Dismissing Plaintiff's First Amended Complaint and Denying Application to Proceed Without Prepaying Fees or Costs as Moot, ECF No. 10, that Evans had to comply with the Federal Rules of Civil Procedure.  Specifically, the court said that Evans had to

comply with Rule 8, which requires "a short and plain statement

of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not require detailed

factual allegations, "it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009).  "[O]nly a complaint that states a

plausible claim for relief survives a motion to dismiss."  Id.

To state a plausible claim, the complaint must, at a minimum,

"plead[] factual content that allows the court to draw the

reasonable inference that the defendant is liable for the

misconduct alleged."  Id.

On July 1, 2013, Evans filed his Second Amended

Complaint and a new IFP application.  ECF Nos. 15 and 16.

Evans's Second Amended Complaint asserts fraud,

negligent misrepresentation, false advertising, wrongful death,

intentional infliction of emotional distress, loss of love, loss

of consortium, and conspiracy to commit fraud.  However, Evans

has not included sufficient factual allegations going to the

claims.  The legal bases for his claims remain unclear.  Even

construing Evans's Second Amended Complaint liberally, see

Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir.

2003), the court cannot identify any plausible ground for either

of Evans's claims.  See Iqbal, 556 U.S. at 678 ("To survive a

motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

The Second Amended Complaint names as Defendants the following:  The Leapfrog Group, Leah Binder, individually and in her official capacity as CEO of The Leapfrog Group, and The Robert Wood Johnson Foundation.  The fraud, negligent misrepresentation, and false advertising claims appear to stem from Defendants' alleged rating of hospitals "[d]espite never even walking into the hospitals they rate."  Sec. Am. Compl. ¶ 8. The wrongful death claim asserts that The Leapfrog Group is responsible for the death of Evans's mother because "Leapfrog misled her" into choosing a particular hospital, where she unexpectedly died.  Id. ¶ 11.  The intentional infliction of emotional distress, loss of love, and loss of consortium claim hinges on the preceding claims.  Finally, the conspiracy to commit fraud claim asserts that Evans "believes that after he went public with The LeapFrog Group's 'Letter of Support'" the hospital complained and, as a result, The Leapfrog Group issued a fraudulent "A" rating to the hospital.  Id. ¶ 13.

All of Evans's claims appear to be based on the assumption that Defendants were required by law to physically visit each hospital that The Leapfrog Group rated.  The claims also appear to assert that The Leapfrog Group caused Evans and

his mother to believe that The Leapfrog Group "personally attended the hospital" because "the perception that The Leapfrog Group was 'hands on' is promoted throughout their website and advertisements."  Id. ¶ 1.  Evans provides no source for any requirement he says the law imposes on a rating agency.

A very basic problem with respect to Evans's naming of The Robert Wood Johnson Foundation as a Defendant is that there are no allegations even suggesting that this party has any connection whatsoever to Evans's mother, The LeapFrog Group, or any of the incidents underlying this case.

All iterations of Evans's pleading have raised serious questions about whether any Defendant has the constitutionally required minimum contacts with Hawaii to support the exercise of personal jurisdiction.  See Bancraft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (explaining that, while a defendant can be haled into court if the defendant has "substantial" or "continuous and systematic" contacts with the jurisdiction, a court's personal jurisdiction over a defendant is limited by a defendant's right to due process).  Although the Second Amended Complaint does state that "the Defendants have numerous contacts with the State of Hawaii, in that they rate hospitals in this state, which Plaintiff believes the Defendants also do fraudulently," Sec. Am. Compl. at 3, this allegation appears to apply only to The LeapFrog Group.  In any event, it is

not at all clear from Evans's Second Amended Complaint that the nature of The LeapFrog Group's alleged rating of hospitals in this state supports the exercise of personal jurisdiction.

This court now directs Evans to file a memorandum showing cause why his Second Amended Complaint should not be dismissed and his latest IFP application should not be denied. The memorandum must be filed by August 15, 2013, and may not exceed 2,500 words (not including any exhibits, declarations, or affidavits). The memorandum must indicate at least some basis in law for holding a rating agency liable for the agency's alleged negligence in the manner in which it developed its rating of any person or business that is later itself accused of wrongdoing. It is not clear, for example, that a restaurant critic could be sued by a customer who relies on the critic's review in patronizing a restaurant but becomes ill following a meal there, or that a client who relies on a rating by a lawyer rating service such as Martindale Hubbell may sue the rating service if the client ends up hiring a lawyer who allegedly commits malpractice. Evans must provide some rudimentary authority for his claims. Evans should also include in his memorandum some indication as to why this court may exercise personal jurisdiction (as opposed to diversity jurisdiction, which goes to subject matter jurisdiction only), over each Defendant.

Failure to submit the required memorandum shall result in the dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 29, 2013.



 /s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Evans v. Leapfrog, et al.; Civil No. 13-00269 SOM/BMK; ORDER TO SHOW CAUSE WHY SECOND AMENDED COMPLAINT SHOULD NOT BE DISMISSED AND WHY APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS SHOULD NOT BE DENIED