IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRIAN EVANS, | ) | CIVIL NO. 13-00269 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING SECOND |
| | ) | AMENDED COMPLAINT; ORDER |
| vs. | ) | DENYING AS MOOT PLAINTIFF'S |
| | ) | APPLICATION TO PROCEED |
| THE LEAPFROG GROUP, et al, | ) | WITHOUT PREPAYING FEE OR |
| | ) | COSTS; AND ORDER DENYING |
| Defendant. | ) | PLAINTIFF'S MOTION FOR |
| | ) | CLARIFICATION |

**ORDER DISMISSING SECOND AMENDED COMPLAINT;
ORDER DENYING AS MOOT PLAINTIFF'S APPLICATION
TO PROCEED WITHOUT PREPAYING FEE OR COSTS; AND
ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR CLARIFICATION**

On May 28, 2013, Plaintiff Brian Evans filed a Complaint in this action.  See ECF No. 1.  That same day, Evans filed an application to proceed without payment of fees and costs (the "IFP").  On May 31, 2013, this court dismissed the Complaint and denied as moot the motion to proceed without prepayment of fees because Evans failed to allege facts sufficient to establish the court's subject matter jurisdiction.  See ECF No. 5.  Evans filed his First Amended Complaint and a second IFP on June 18, 2013.  See ECF Nos. 8 and 9.  Evans again failed to adequately allege facts sufficient to establish subject matter jurisdiction and this court dismissed Evans's First Amended Complaint and

denied his second IFP as moot.  See ECF No. 10.  Evans then filed his Second Amended Complaint and third IFP on July 1, 2013.  See ECF Nos. 16 and 17.  Because Evans again fails to adequately allege facts demonstrating that this court has subject matter jurisdiction, Evans's Second Amended Complaint is dismissed and his third IFP is denied as moot.

A United States district court has diversity jurisdiction over an action when the amount in controversy exceeds $75,000, excluding interest and costs, and the action is between citizens of different states.  28 U.S.C. § 1332(a)(1).  In a diversity action, the plaintiff "should be able to allege affirmatively the actual citizenship of the relevant parties."  Kanter v. Warner-Lambert Co., 265 F. 3d 853, 857 (9th Cir. 2001).  Evans alleges that he is a citizen of Hawaii, but he fails to identify the citizenship of Defendants The Leapfrog Group and The Robert Wood Johnson Foundation.  See id. (noting that § 1332 "speaks of citizenship, not of residency").

Evans alleges that Defendant The Leapfrog Group is located and does business in Washington, D.C., but does not allege facts demonstrating its citizenship.  See ECF No. 17. If The Leapfrog Group is a corporation, then it would be a citizen of the state in which it was incorporated in, and of the state

where it has its principal place of business.  See 28 U.S.C. § 1332(c)(1).  Without appropriate factual allegations, The Leapfrog Group's citizenship cannot be established.

Evans also asserts that Defendant The Robert Wood Johnson Foundation is located and does business in New Jersey, but again fails to allege facts that establish its citizenship.  See ECF No. 17.  Without appropriate factual allegations, The Robert Wood Johnson Foundation's citizenship cannot be established.

Evans's failure to allege the citizenship of every Defendant as opposed to the location and residency is a deficiency that precludes the court from ascertaining whether diversity jurisdiction exists.  See Kanter v. Warner-Lambert Co., 265 F. 3d 853,857 (9th Cir. 2001) (stating that a person residing in a given state is not necessarily a citizen of that state).  Accordingly, the court must dismiss Evans's Second Amended Complaint.  See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1367, 1380 (1988) ("If jurisdiction is lacking at the outset, the district court has 'no power to do anything with the case except dismiss.'") (citing 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3844, at 332 (1986)).

Evans may file a Third Amended Complaint that is complete in itself (that is, does not incorporate any prior complaint by reference) no later than October 30, 2013.  He must also either pay the civil filing fee or submit a new IFP.  Failure to meet the above deadline shall cause this action to be automatically dismissed.  Given the court's dismissal of Evans's Second Amended Complaint, the court denies Evans's IFP as moot.

The court further notes that, on July 7, 2013, Evans filed a Motion for Clarification.  See ECF No. 22.  This motion merely asks whether the Second Amended Complaint was accepted for filing, which it was, and whether his Application was ruled upon.  Because the present order adjudicates his Application, the Motion for Clarification of July 7, 2013, is moot.  It is therefore denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 30, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Evans v. The Leap Frog Group, et al.; Civil No. CV 13-00269 SOM/BMK; ORDER DISMISSING SECOND AMENDED COMPLAINT; ORDER DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEE OR COSTS AND ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR CLARIFICATION